UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID RAYMOND ANDREWS, | ) | 1:10-cv-01379-JLT HC |
| Petitioner, | ) ) ) | ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS |
| v. | ) ) | CORPUS PURSUANT TO 28 U.S.C. § 2244(b) |
| WARDEN OF PBSP, et al., | ) ) | ORDER DIRECTING CLERK OF COURT |
| Respondents. | ) ) | TO ENTER JUDGEMENT AND CLOSE FILE |
| | | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| | | ORDER DENYING PETITIONER'S MOTION FOR ISSUANCE OF A WRIT (Doc. 7) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes on August 18, 2010. (Doc. 6).

In the petition, filed on August 2, 2010, Petitioner challenges his 2002 conviction in Madera County Superior Court for second degree murder, (Cal. Pen. Code § 187), as a result of which Petitioner was sentenced to a prison term of fifteen years to life. (Doc. 1, pp. 6; 35). Petitioner has attached to his petition documents that establish that Petitioner previously challenged his 2002 conviction with a federal habeas corpus petition filed in this Court in case number 1:04-cv-05957-

REC-DLB. (Doc. 1, p. 35). The Court denied that petition on the merits and entered judgment on September 28, 2005. (Doc. 1, p. 45). Subsequently, Petitioner filed a second or successive habeas petition in this Court in case number 1:07-cv-00226-OWW-WMW, again challenging his 2002 conviction. (Doc. 1, p. 50). The Court dismissed that petition as a second or successive petition on May 8, 2007. (Doc. 1, p. 51). On August 3, 2007, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request to file a second or successive petition. (Doc. 1, p. 52).

In his most recent petition, Petitioner again challenges his 2002 conviction, this time contending that newly discovered evidence supports his claim that (1) the trial judge erred in refusing to disqualify himself; (2) evidence regarding the victim was concealed from Petitioner during trial; (3) Petitioner's counsel concealed such evidence regarding the victim; and (4) Petitioner's requests to "expose the sham trial" were rejected by his appellate counsel. (Doc. 1, pp. 2-3).

## **DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right, or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). The Court assumes that Petitioner is asserting that the four claims in the instant petition are based upon such newly discovered evidence.

However, it is not the district court that decides whether a second or successive petition meets the requirements that allow a petitioner to file a second or successive petition. Section 2244 (b)(3)(A) expressly provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Emphasis supplied). *In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.* See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any

second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his 2002 Madera County conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must <u>first</u> file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3). Accordingly, the Court must dismiss the petition.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petition, the court may only issue a certificate of appealability when the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

Finally, in light of the Court's dismissal of the petition, Petitioner's motion for issuance of an order to Respondent to show cause why the writ should not be granted is DENIED.

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for lack of subject-matter jurisdiction;
2. Petitioner's motion for issuance of an order requiring Respondent to show cause why the petition should not be dismissed (Doc. 7), is DENIED;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file;
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **August 26, 2010**                             /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE